IN THE UNITED STATES DISTRIT COURT
For THE MIDDLE DISTRICT OF NORTH CAROLINA

MAJOR BOYD WHITLEY
   Plaintiff,

v.

HERIFF VAN SHAW, et al.,
   Defendant(s)

1:19 CV 358
Motion for Summary Judgment

IN and for the record!

I MAJOR BOYD WHITLEY in propria person suijuirs do appear Specially and not generally.
I am a natural person.

Now Comes Plaintiff, pursuant to Fed. R. Civ. P. 56(c). Let the record reflict see exhibits that was filed on date of April 1, 2019. Along with plaintiff Complaint. That through grievance procedure that the plaintiff brought to the defendants attention how the Cabarrus County Detention Center was violating his First Amendment right to practice his religion. And how the Detention Center was bring in the Gideons up to the month of may 2019. And making all the Pre-trail detainee stay in the Housing floor pod in thier cell listing to the Gideons christianity preching and when plaintiff requested to be remove from the pod because the preching was insulting to his Hebrew Israelite belief, Defendants refuse to stop the Detention Center illegal system that was violating my Constitution basic right as a citizen for ten months is inhumane crul inappropriate punisment. let the record reflict see exhibits that was filed on april 1, 2019. Defendant's and the Cabarrus County detention center never tried to work with plaintiff concering his religious beliefs. The detention center stop allowing Gideons come into the jail and forcing all pre-trail detainne to hear Gideons christianity preching that Hebrew Israelite going to hell for not praying to Jesus and acknowledging him as their personal saviour this went on for ten months after plaintiff been house in the Cabarrus County detention Center. Defendants never even tried to work with plaintiff concering his religious beliefs rights, Defendants won't even respect plaintiff religious Kaosher diet, Let the record reflict see exhibits plaintiff filed with his Complaint Docket-2.

Also let the record reflict "see exhibits of general grievance plaintiff did "exhust" grievance process and appeal as far the detention center in Cabarrus county allowed. See complaint Docket-2. Plaintiff civil rights suit is consistent with the law of the United States pursuant to 42 U.S.C. §1997(e)(a). Porter v. Nussel, 534 U.S. 516, 122. Ct. 983 (26 Feb. 2002). Plaintiff was force by defendants and Cabarrus county Detention center to take part in christianity fellowship. Citizens liberty are protected by law of the United States and by the due process clause to, Worship God according to the dictates of his own conscience and generally to enjoy those privileges long recognized at common law as essential to the orderly pursuit of happines by free man. The Due Process Clause of the Fourteenth Amendment protects pre-trial detainess. Pre-trial detainees may not be punished in any way without due process. Fourteenth Amendment - Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof are citizens of the United States and the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction equal protection of the laws. Defendants does not work for the North Carolina Department of Correction. Defendants work for a Municipal Governments cities and town are not covered by Eleventh Amendment immunity. Let the record reflict "see exhibits of general grievance and requests that plaintiff filed with his complaint Docket-2. plaintiff ple with defendants to be remove from the pod and not to be force to fellowship in christianity exerise which is not his religious preferensess, Defendants refuse to remove plaintiff from the christiaity fellowship for ten months. The Fourth circuit court of Appeals defined "substantial burden" by stating that a substantial burden occurs "When a state or local government, through act or omisson, puts substantial pressure on an adherent to modify his behavior and to violate his beliefs. See Lovelace v. Lee, 472 F.3d 174, 187 (4th cir Va. 2006). Defendants are liable for damages under Section 1983, the constitutional violation was the result of a municipal practice of defendants and Cabarrus county detention center. See Monell v. NYC Dept of Soc. Servs., 436 U.S. 658, 694, 56 L. Ed. 2d. 611, 98 S. Ct. 2018 (1978)) Defendants were acting under color of state law, And Defendants deprived plaintiff of his constitutional rights while acting under the authority of the state goverment. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed 482 (1982). A person acts under color of state or territoral law while performing in his official capacity or while exercing his responsibities pursuant to state law. West v. Atkins, 487 U.S. at 50, accord Monroe v. Pape, 365 U.S. 167, 184, 81 S. Ct. 473, 5 L. Ed. 2d 492 (1961).

Plaintiff respectfully request the court to grant the relief he set out in his civil rights complaint. /s/ Majic Whitley   November 2, 2019.