IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAJOR BOYD WHITLEY, ) | |
| ) | Case No.: 1:19cv-358 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | DEFENDANTS' BRIEF IN |
| ) | RESPONSE |
| SHERIFF VAN SHAW, CAPTAIN M. NESBITT, ) | TO PLAINTIFFS MOTION |
| LIEUTENANT W. WALLACE, ) | FOR SUMMARY JUDGMENT |
| ) | |
| Defendants. ) | |

The defendants submit the following brief along with their response to the plaintiff's motion for summary judgment filed November 6, 2019, pursuant to LR 7.2.

In his motion, the plaintiff alleges that the defendants violated his First Amendment right to practice his religion by bringing the Gideons into the pod of the Cabarrus County Detention Center where the plaintiff is an inmate and forcing him to listen to the Gideons' statements about Christianity, which is insulting allegedly to his Hebrew Israelite beliefs; by failing to work with the plaintiff concerning his religious beliefs; and by failing to provide a suitable meal option to accommodate the plaintiff's kosher diet.

The defendants, particularly defendants Nesbitt and Wallace, worked directly with the plaintiff to try to accommodate his religious beliefs as he states them, as even the plaintiff's own exhibits to his complaint show. The other defendant, Van Shaw, is the elected Sheriff of Cabarrus County and has not been directly involved in any matters involving the plaintiff, and should not even be a defendant in this case.

All of the defendants deny that they have done anything to deny the plaintiff any of his constitutional rights, including his First Amendment rights concerning his religion. The defendants offer their answer filed in this matter, their denial of the requests for admissions served on them by the plaintiff, and the affidavit of defendant Wallace filed along with this response.

As a result the defendants believe there are issues of fact concerning every one of the plaintiff's claims in this lawsuit. In order for the court to grant summary judgment to the

1

plaintiff, he must show that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The plaintiff bears the burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the nonmoving party. Tinsley v. First Union Nat'l Bank, 155 F.3d, 435, 438 (4th Cir. 1998).

Although the plaintiff does not mention it in his complaint, the language in the complaint seems to allege a violation of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §2000cc-1(a), which provides that no government shall impose a "substantial burden" on the religious exercise of a person confined to an institution. The plaintiff alleges that the defendants have imposed a substantial burden on his ability to exercise his religious preference. However, it appears the case law does not support the plaintiffs position. In Turner v. Clelland, 2016 U.S. Dist. LEXIS 164965 (M.D.N.C. 2016) the court gave a full analysis of these same issues in granting defendants' motion to dismiss, which was treated as a summary judgment motion, except on the issue of exhaustion of administrative remedy, which is not present in our case. This was also the result in Vazquez v. Officer Waln, 2013 U.S. Dist. LEXIS 111437 (M.D.N.C. 2013) and Bynum v. Poole, 2017 U.S. Dist. LEXIS 131063 (M.D.N.C. 2017). Each of these cases indicate that one or two supposed interferences with the plaintiff's religious practices do not rise to the level of a substantial burden on the plaintiff's religious exercise.

In the Turner case, the court also dealt with the issue that money damages, such as plaintiff has alleged here, are not available under the Religious Land Use and Institutionalized Persons Act and that persons such as these defendants are entitled to qualified immunity as local detention officers.

Based on the foregoing, the defendants believe the court should deny the plaintiff's motion for summary judgment.

This 4th day of December, 2019.

   /s/ Richard M. Koch
RICHARD M. KOCH
Cabarrus County Attorney
Attorney for the defendants
State Bar No. 8360
3220-201 Prosperity Church Road
Charlotte, North Carolina 28269
Telephone: 704-503-5700
kochlaw@ctc.net

2

## WORD COUNT

The attorney for the defendants certifies that pursuant to LR 7.3(d)(1), the word count for this brief is 677 words.

    /s/ Richard M. Koch
RICHARD M. KOCH
Cabarrus County Attorney
Attorney for the defendants
State Bar No. 8360
3220-201 Prosperity Church Road
Charlotte, North Carolina 28269
Telephone: 704-503-5700
kochlaw@ctc.net