IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| MAJOR BOYD WHITLEY, Plaintiff, | Case number: 19-cv-00358-TDS-JLW MOTION to Response to Defendats' SETTLEMENT CONFERENCE STATEMENT |
| V. | |
| SHERIFF VAN SHAW, et al, Defendat, | |

IN and for the record!

I MAJOR BOYD WHITLEY in propria person suijuris do appear specially and not generally.

I did reach Majority and do state the following as true:

I am a natural person.

Let the record reflict see Exhibit's that was filed on APR-1-2019 along with plaintiff complaint. That through grievance procedure that the plaintiff brought to the defendants attention how the Cabarrus County Detention Center forceing the Gideons religion on the plaintiff established a constitutional violation.

Hebrew Israelite religion: Is a beliefs to be protected by the Free Exercise clause of the First Amendment. beliefs must meet two requirements; they must be religious, and they must be sincerely held.

2. Beliefs may be religious even if they are non-traditional or unfamiliar to mainstream America, and even if they do not include belief in a god. Courts may not pass judgment on the truth, falsity, or rationality of beliefs in determining whether they are religious. A beliefs system can be religious even if it includes some secular (non-religious) elements.

3. Beliefs must be sincerely held to be protected by the Free Exercise Clause.

4. Beliefs cannot be found insincere just because you acquired them recently or while in prison.

5. denying plaintiff Kosher diet is a substantial burden

6. States waive their sovereign immunity by accepting federal funs. Municipal Governments, such as cities and towns, are not covered by Eleventh Amendment immunity. Forcing plaintiff to Group worship with Gideons, were that violence result from them, fist fights with cell-mates = other "pre-trail" detainee who's belief is Chrisianity violate the law.

1. Plaintiff sect of Hebrew Israelite do not pray to are see Jesus as God.
• discriminate against members of a particular sect may violate the law.
• Courts must be satisfied that act's proscriptions are and will be administered neutrally among different faiths and cited the provison of Kosher food for Jews but not Halal food for Muslims as an example of the kind of restriction RLUIP was intended to correct.
2. Nor can goverment coerce anyone to participate in religious activities. The First Amendment prohibits the establishment of religions. Prisoner may not be coerced to
<u>HEAR</u> OR <u>SUBMIT</u> to religious "(VIEWS)".

• Inner Change program dominated by bible study christian classes, religious rivivals, and church services which was housed by prison in superior living quarters the former "honor unit" of the prison, which afforded greater privacy than other living units and whose participants received greater visting and other privileges than other prisoners violated the Establishment Clause. Cambell v. Thornton, 644 F. Supp. 103, 06 (W.D. Mo. 1986) (evidence that proprietors of "halfway house" forced their religion on the plaintiff estabished a constitutional violation.
  See also Spratt v. County of Kent, 621 F. Supp. 594, 600-01
  (W.D. Mich. 1985)

Case 1:19-cv-00358-TDS-JLW   Document 45   Filed 02/09/22   Page 3 of 4

2. Cutter v. Wilkinson, 544 U.S. at 724 (singl[ing] out a particular religious sect for special treatment violates the Establishment Clause (citation omitted); Kaufman v. McCaughtry, 419 F.3d 678, 683-84 (7th Cir, 2005)[banning an atheist study group while permitting other religious groups violated the Establishment Clause).
13. 18 U.S. Code § 241 - Conspiracy against rights
14. 18 U.S. Code § 242 - Deprivation of rights under color of Law.

Plaintiff requesting the relief he set out in his complaint /s/ Majic Whitley
Date 2-4-2022